IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEVEN R. JENKINS,**

      **Plaintiff,**

  v.                      **Civil Action 2:20-cv-3146**
                             **Judge Sarah Morrison**
                             **Magistrate Judge Kimberly A. Jolson**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff, Steven R. Jenkins, brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI"). For the reasons set forth below, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

**I.    BACKGROUND**

Plaintiff filed his application for SSI on September 8, 2016, alleging that he was disabled beginning June 14, 2013, due to generalized anxiety disorder, agoraphobia, a panic disorder, borderline intellectual functioning, depression, chronic constipation, chronic sinusitis, and allergies. (Tr. 193–98, 214). Plaintiff later amended his alleged onset date of disability to September 8, 2016. (Tr. 208). After his application was denied initially and on reconsideration, the Administrative Law Judge (the "ALJ") held a hearing on February 25, 2019. (Tr. 30–58). The ALJ denied benefits in a written decision on April 30, 2019. (Tr. 12–29). That became the final decision of the Commissioner when the Appeals Council denied review. (Tr. 1–6).

Plaintiff filed the instant case seeking a review of the Commissioner's decision on June 22, 2020. (Doc. 1). The Commissioner filed the administrative record on August 24, 2020 (Doc. 8). This matter is now ripe for consideration. (*See* Docs. 11, 13).

### A. Relevant Hearing Testimony

The ALJ summarized the relevant hearing testimony:

> At the hearing, the claimant testified that he experienced anxiety with panic attacks and agoraphobia. He rarely leaves his home. He also experienced emphysema with shortness of breath upon minimal exertion. He has difficulty walking more than ten steps or climbing a flight of stairs.

(Tr. 20).

### B. Relevant Medical Evidence

The ALJ summarized the relevant medical records concerning Plaintiff's mental impairments.

> The claimant has received ongoing counseling for anxiety with panic disorder and agoraphobia (Exhibit C1F–C5F, C10F, and C15F–C16F). He was prescribed Klonopin and Zoloft by his primary care physician with "remarkable" improvement (Exhibit C1F, pp.3–4). It was otherwise noted that his mood and affect were normal with good judgment and insight (Exhibits C1F, C10F, p. l, and C14F, p.10). Follow up treatment was unremarkable with no change in his condition (Exhibit C15F). The claimant was also noted to have borderline intellectual functioning (Exhibits C3F, p.3 and C4F, p.4).

(*Id*.).

> On December 20, 2016, Nolan Seim, M.D. opined that the claimant's psychiatric issues did not prevent him from reentering the workplace. However, he noted that the claimant should avoid interaction with others on a regular basis due to a history of anxiety and panic disorder (Exhibit C5F, p.4).
>
> A Mental Residual Functional Capacity Assessment report dated January 15, 2018, prepared by Nicomedes Sansait, M.D., indicated that the claimant suffered from generalized anxiety disorder with panic attacks. It was noted that the claimant would become extremely anxious in social situations. Dr. Sansait opined that the claimant had mostly marked and extreme functional limitations. It was also noted that the claimant would need to miss fifteen days of work per month and was unable to

> complete an eight-hour workday. The claimant was assigned a GAF score of 35 and a prognosis of fair to poor (Exhibit C17F).
>
> A letter dated May 9, 2018, prepared by Timothy Buchanan, M.D., indicated that the claimant suffered from generalized anxiety disorder, panic attacks, and agoraphobia. It was noted that the claimant had difficulty remaining in crowded places for more than one hour or being outside his home for more than two to three hours total per month (Exhibits C8F and C11F).
>
> On June 18, 2018, Dr. Sansait also indicated that he felt that the claimant was a strong candidate for Social Security Income (Exhibit C12F). On July 10, 2018, Dr. Sansait also noted that he believed that the claimant was unable to enter the workforce because of his psychological and medical disorders that included longstanding history of panic attacks with chest pain, major depressive disorder, and PTSD (Exhibit C13F).
>
> Additionally, Bruce Goldsmith, Ph.D. reviewed the evidence of record as of January 4, 2017 and opined that the claimant was limited to low stress, simple, repetitive tasks that involve no more than occasional contact with others (Exhibit C4A, p.13). Audrey Todd, Ph.D. reviewed the additional evidence as of July 12, 2017 and affirmed the earlier findings of Dr. Goldsmith (Exhibit C6A, p.15).

(Tr. 20–22).

> The ALJ then considered Plaintiff's physical symptoms:
>
> As to the claimant's physical condition, he has received ongoing treatment for emphysema (Exhibits C4F and C7F). However, he continued to smoke ten cigarettes to a pack per day (Exhibits C4F, p.2 and C5F, p.2). Upon consultative examination on December 20, 2016, the claimant reported very few, if any, physical limitations. Physical examination was unremarkable and on December 20, 2016, Nolan Seim, M.D. opined that the retained the capacity to work a job that required no more than thirty pounds lifting (Exhibit C5F, p.4). The claimant's emphysema was also noted to have been mild based on chest x-ray (Exhibit C5F, p.4). On January 23, 2017, pulmonary function study revealed only mild obstruction (Exhibit C6F).
>
> On March 28, 2017, Charles Vonder Embse, M. D. opined that the claimant was able to sit, stand, and walk. He noted that the claimant's condition was not sufficient to be given disability (Exhibit C9F).

(Tr. 22).

### C. The ALJ's Decision

> The ALJ found that Plaintiff has not engaged in substantial gainful activity since September

3

8, 2016, the application date. (Tr. 18). The ALJ determined that Plaintiff suffered from the following severe impairments: generalized anxiety disorder; panic disorder; anxiety disorder with borderline intellectual functioning and agoraphobia; and emphysema. (*Id.*). The ALJ, however, found that none of Plaintiff's impairments, either singly or in combination, met or medically equaled a listed impairment. (*Id.*).

After reviewing the relevant medical records, the ALJ afforded Dr. Sansait's opinion "some weight." (Tr. 21). Regarding Dr. Sansait's January 2018 report, the ALJ opined:

> The opinion of Dr. Sansait is given some weight but not controlling weight because he has treated the claimant for at least two years but his opinion is not entirely consistent with Dr. Sansait's records or the other objective evidence in the file. The claimant has received treatment for anxiety with complaints of agoraphobia and panic attacks. However, there are no objective signs or findings to support marked or extreme functional limitations. The claimant's condition has been stable and without exacerbation since the date of application. Examinations and presentation at the hearing were mostly unremarkable without overt symptoms of anxiety. Dr. Sansait seems to have relied heavily upon the claimant's subjective complaints.

(*Id.*).

Furthermore, the ALJ afforded Dr. Sansait's additional report from June 2018 "no weight," opining:

> These additional opinions of Dr. Sansait are also not given any weight. Opinions on disability, the inability to preform past or any other work, or to work full time are not medical issues regarding the nature and severity of an individual's impairments, but rather are administrative findings that are dispositive of a case and reserved to the Commissioner []

(*Id.*).

The ALJ further afforded "some weight" to the May 2018 report prepared by Timothy Buchanan, M.D.:

> The opinions of Dr. Buchanan are also given some weight but not controlling weight. While Dr. Buchanan has been treating the claimant for several years, his opinions are not entirely consistent with his treatment records and are also not entirely consistent with the objective evidence. The claimant's anxiety was noted to have improved remarkably with medication and have been stable. Follow up treatment

4

> reports have been unremarkable and the claimant experienced no episodes of decompensation. Additionally, it is not clear what basis was used in setting the claimant's tolerances for being away from home or in crowded places other than subjective allegations.

(*Id*.).

Finally, the ALJ afforded "some weight" to the opinions of Dr. Goldsmith and Dr. Todd, but "no weight" to the opinion of Dr. Embse. (Tr. 22). The ALJ found:

> The opinions of Dr. Goldsmith and Dr. Todd are given some weight based upon their expertise, impartiality, and the consistency of their findings with the evidence as a whole. However, the additional evidence of record supports a greater degree of mental health limitations as set forth above.
>
> However, disability, the inability to perform past or any other work, or to work full time are not medical issues regarding the nature and severity of an individual's impairments, but rather are administrative findings that are dispositive of a case and reserved to the Commissioner (20 CFR 416.927(e)). As such, [Dr. Embse's] opinion is considered but not given any weight.

(*Id*.). As to Plaintiff's residual functional capacity ("RFC"), the ALJ opined:

> [T]he [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) with the following additional limitations: frequent stooping/bending, kneeling, crouching, crawling, and climbing of stairs or ladders; simple, routine, and repetitive tasks; occasional contact with coworkers and supervisors but no contact with the public and not working in close proximity to co-workers (e.g., within eight feet of a coworker); and low stress work, which is work that is self-paced and not at a production rate and, where the job duties are not interdependent with those of co-workers.

(Tr. 19).

The ALJ found that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities." (Tr. 20).

Relying on the VE's testimony, the ALJ concluded that Plaintiff has no past relevant work, but could perform jobs that exist in significant numbers in the national economy, such as a cleaner,

5

material handler, and groundskeeper. (Tr. 23–24). She therefore concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, since September 8, 2016, the date the application was filed (20 CFR 416.920(g))." (Tr. 24).

## II. STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

## III. DISCUSSION

Plaintiff argues that the ALJ erred in two respects. First, Plaintiff contends that the ALJ engaged in selective citation of the evidence, resulting in a flawed assessment of his RFC. (Doc. 11 at 13–22). Second, Plaintiff alleges that the ALJ erred in evaluating the opinion of Plaintiff's

case manager, Kim Penfound, a Qualified Mental Health Specialist. (*Id*. at 22–23). The Court turns first to the opinion and treatment notes of Plaintiff's therapist, Ms. Penfound.

### A. Ms. Penfound's Opinion

Plaintiff correctly notes that the ALJ did not consider Ms. Penfound's opinion. (Doc. 11 at 22). Specifically, Plaintiff contends that because the ALJ did not mention Ms. Penfound's opinion in her decision, she "failed to follow the [] regulations and committed legal error." (*Id*. at 23). Defendant responds that the ALJ was permitted to disregard this opinion for three reasons: (1) Ms. Penfound is not an "acceptable medical source;" (2) Ms. Penfound's daily activities questionnaire was not a medical opinion, but rather an activity report; and (3) Ms. Penfound's report "mirrored Plaintiff's subjective statements, which the ALJ properly discounted." (Doc. 13 at 6).

An ALJ must "evaluate every medical opinion" regardless of its source. 20 C.F.R. § 416.927(c). Only "acceptable medical sources," however, may offer a "medical opinion." *Id*. at § 416.927(a)(2). A Qualified Mental Health Specialists like Ms. Penfound, is not an "acceptable medical source," but rather an "other source." *See* SSR 06–03p, 2006 WL 2329939, at *2; *see also Copeland, on behalf of A.C. v. Comm'r of Soc. Sec.*, No. 1:16-cv-556, WL 1185219, at *13 (N.D. Ohio Mar. 29, 2017) (agreeing with the ALJ's determination that a "case worker" and "qualified mental health specialist" was not an "acceptable medical source"). Such sources, however, "are permitted to offer statements regarding 'the severity of [a claimant's] impairment(s) and how [such impairments] affect[] [his] ability to work.'" *Marijanovic v. Comm'r of Soc. Sec.*, No. 1:15-cv-1209, 2017 WL 217800, at *4 (W.D. Mich. Jan. 19, 2017) (quoting 20 C.F.R. §§ 404.1513(d); 416.913(d)).

In evaluating statements from "other sources," the ALJ is not required to weigh the factors set forth in 20 C.F.R. § 404.1527, but rather must simply "consider" these opinions. *Gayheart v.*

*Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013) (quoting SSR 06–03p, 2006 WL 2329939, at *2); *see also Marijanovic*, 2017 WL 217800, at *4.  This standard is not demanding.  *See Hickox v. Comm'r of Soc. Sec.*, No. 1:09-cv-343, 2010 WL 3385528, at *6–7 (W.D. Mich. Aug. 2, 2010) (finding that the ALJ fulfilled the consideration requirement by "expressly consider[ing] the opinions offered by [the social worker]"); *see also Clark ex rel. S.R.C. v. Comm'r of Soc. Sec.*, No. 5:12CV1745, 2013 WL 3007154, at *9 (N.D. Ohio June 11, 2013) (finding the consideration requirement satisfied where the ALJ "plainly did not ignore the social worker's opinion").

In the instant case, the ALJ erred by failing to consider Ms. Penfound's report or meaningfully discuss her treatment notes.  Indeed, the ALJ did not even mention Ms. Penfound.  This is a serious oversight, given that Ms. Penfound appears to have counseled Plaintiff for more than two years, from March 2016 through November 2018.  (*See* Tr. 232, 460).  The administrative record contains close to eighty pages of Ms. Penfound's treatment notes and other documents from her sessions with Plaintiff.  (Tr. 393–460).

As expected for therapy sessions, many of these notes seem to be based on Plaintiff's self-reported symptoms.   But Ms. Penfound also made her own observations and conclusions.  For example, on April 3, 2017, Ms. Penfound noted that Plaintiff "was unable to stay for appointment [because] of anxiety."  (Tr. 418).  Several times over the next year, Ms. Penfound observed Plaintiff's anxiety and panic attack interfering with his daily activities.  (*See* Tr. 420, 426, 430).  During one of these visits, in September 2017, Ms. Penfound noted that Plaintiff's depression and emotional instability were the highest to date and that Plaintiff reported suicidal thoughts.  (*See* Tr. 426).

In January 2017, Ms. Penfound completed a "Daily Activity Questionnaire," containing several findings regarding Plaintiff's mental impairments. (Tr. 231–32). Specifically, Ms. Penfound opined:

> [A]nxiety prevents [Plaintiff from] earning income; [Plaintiff has] limited interaction with family, friend and neighbors [because of] anxiety; [Plaintiff is] unable to return to work [because of] anxiety; [Plaintiff] becomes anxious when [he] leaves home, so poor attendance [at previous job]; [Plaintiff] needs frequent breaks, [is] unable to handle stress, [and is unable] to concentrate.

(Tr. 231). Furthermore, Ms. Penfound recorded several observations about Plaintiff's ability to care for himself, including food preparation, household chores, personal hygiene, shopping, driving, banking and paying bills, and his hobbies. (*See* Tr. 232). Within this discussion, she noted that "Plaintiff has no hobbies[,] [as] anxiety prevents [him from] interacting with others." (*Id.*).

In her opinion, the ALJ cites only minimally to Ms. Penfound's treatment notes, noting for example, that Plaintiff received ongoing counseling and once attended a funeral. (See Tr. 18, 20). Importantly, the ALJ does not mention Plaintiff's therapist by name nor reference her January 2017 opinion. (*See generally* Tr. 12–29).

By failing to consider Ms. Penfound's opinion, the ALJ violated SSR 06-03p. As discussed, this standard is not a demanding one. For example, in *Hickox v. Commissioner of Social Security*, the "[t]he ALJ carefully considered the type of counseling provided and the length and frequency of such sessions," noting specifically that the "plaintiff met with his social worker about once a month and that they discussed plaintiff's [mental health]." 2010 WL 3385528, at \*\*6–7. Similarly, in *Clark ex rel. S.R.C. v. Commissioner of Social Security*, the ALJ met the "consideration" requirement where she "spent a full paragraph discussing the social worker's opinion, stating that she gave partial weight to the testimony." 2013 WL 3007154, at \*9.

9

But by failing to even mention Ms. Penfound's report or meaningfully discuss her lengthy treatment of Plaintiff, the ALJ failed to satisfy this minimal consideration requirement. *See Marijanovic*, 2017 WL 217800, at *4 ("[T]he ALJ is required simply to consider statements from unacceptable medical sources."). Accordingly, remand is appropriate so that the ALJ may afford the appropriate consideration to Ms. Penfound's report and treatment notes.

### B. Remaining Assignment of Error.

Because the ALJ's failure to consider Ms. Penfound's report supports remand, the Undersigned need not address Plaintiff's other argument. If the Court adopts this Report and Recommendation, on remand, the Commissioner may wish to address Plaintiff's other alleged error.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). 20-4696: Pursuant to the Status Report (Doc. 7), Plaintiff shall move for default judgment or accelerated discovery within thirty (30) days from the date of this Order.

IT IS SO ORDERED.

Date: January 27, 2021 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE